IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER M. HAMAKER (BOSTON
MOUNTAIN HOLDINGS, LLC)                                                                     PLAINTIFF

v.                                   Civil No. 14-5365

DARREN SMITH                                                                                       DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Defendant (Darren Smith) removed this action from the Washington County Circuit Court by notice of removal filed on December 2, 2014 (Doc. 1).  The underlying lawsuit is an unlawful detainer action brought by Plaintiff, Christopher M. Hamaker d/b/a Boston Mountain Holdings, LLC, seeking possession of a rental property.

Smith has filed an application to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2) the Court has the obligation to screen any complaint in which an individual has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.).

**Background**

Plaintiff owns property located at 214 East Adobe Street in Fayetteville, Arkansas. Defendant and his wife, Tara, leased the property effective July 18, 2014.  According to the unlawful detainer complaint, the Smiths have not paid the rent on the property since August.

-1-

As of November 21st, the Smiths owed a past due amount of $2,042.63. On November 17th, Plaintiff gave notice to the Smiths to vacate the property. The Smiths have refused to vacate the premises and Plaintiff is seeking a writ of possession.

**Discussion**

"The right to removal from a state court to a federal court exists only in certain enumerated classes of actions, and in order to exercise the right of removal, it is essential that the case be shown to be one within one of those classes." Schwinn Bicycle Co. v. Brown, 535 F. Supp. 486, 487 (W.D. Ark. 1982)(citations omitted). The removal statutes are strictly construed in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). Removal is effected when the notice of removal is filed in state court. Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996).

The Court has the duty to fully consider the pleadings filed in this matter and determine whether subject matter jurisdictions exists. Any action taken by a federal court which lacks subject matter jurisdiction is a nullity and either party, even the party that invoked the jurisdiction of the court, can attack jurisdiction at any time even after judgment is rendered against him. American Fire & Cas. Co. v. Finn, 341 U.S. 6 (1951).

Generally when determining whether removal is proper, a Court may only examine the face of the complaint and cannot rely on an anticipated defense raised by the defendants. Franchise Tax Board of the State of Cal. v. California Laborers Vacation Trust for Southern California, 463 U.S. 1 (1983)(well-pleaded complaint rule). A federal question must be an essential element of the plaintiff's complaint to provide grounds for removal. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127 (1974). The plaintiff is, then, master of the complaint and can generally avoid federal jurisdiction by omitting claims that arise under federal law. Gully v. First National Bank, 299 U.S. 109, 112-113 (1936).

The complaint filed in this case was an unlawful detainer action filed pursuant to the applicable Arkansas Landlord-Tenant law. *See e.g.,* Ark. Code Ann. 18-60-312 (action for trespass or ejectment). Plaintiff, after having given the Smiths notice to vacate the premises, filed the case in the Washington County Circuit Court, seeking the immediate vacation of the premises by the Smiths and damages for unlawful detention.

The only federal question raised in this case is by Smith who appears to be alleging a violation of the Fair Housing Act, 42 U.S.C. § 3604. Smith asserts he is a member of a protected class. It is not clear what his protected class is since he alleges that he is white as is the Plaintiff. In any event, no federal claim appears on the face of the complaint. Removal was therefore improper.

### Conclusion

For the reasons stated, I recommend that this action be remanded to the Washington County Circuit Court. Smith's motion for leave to proceed *in forma pauperis* should be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of January 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)